IN THE UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| IN RE: _____, | ) | |
| | ) | |
| MANUEL JESUS HERNANDEZ, | ) | |
| | ) | No. Case No. 12-15869-SAH |
| | | Chapter 7 |
| MARIA ROSARIO HERNANDEZ | ) | |
| _____, | ) | |
| | ) | |
| Debtor(s). | ) | |

Notice of Opportunity for Hearing MOTION FOR ENTRY OF ORDER DIRECTING
ISSUANCE OF CORRECTIVE TRUSTEE'S DEED

COMES NOW Mark Aussieker ("Movant"), appearing pro se, and respectfully moves the Court for entry of an Order directing the Chapter 7 Trustee to issue and record a Corrective Trustee's Quit Claim Deed, and in support states as follows:

## I. JURISDICTION AND AUTHORITY

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157, and this matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (N).

2. The Court retains ancillary and inherent jurisdiction to interpret, implement, and enforce its prior orders, including post-closing authority to correct clerical or implementation errors in sale documents. See *In re Lazy Days' RV Ctr. Inc.*, 724 F.3d 418, 423 (3d Cir. 2013).

## II. FACTUAL BACKGROUND

3. On or about November 6, 2019, the Chapter 7 Trustee filed his Second Notice of Intent to Sell the Estate's Interest in a Contract for Deed [Doc. 84][1].

4. The Notice expressly provided that, upon approval, the Trustee would deliver to the successful bidder:

---

[1] See attached- Page 3, Paragraph 7

- o a Trustee's Quit Claim Deed,

- o a Release of Lis Pendens, and

- o an Assignment of the Contract for Deed.

5. On January 16, 2020, the Trustee filed his Report of Sale [Doc. 90], confirming Mark Aussieker as the successful and winning bidder.

6. The sale was approved, consummated, and not objected to.

7. Pursuant to the approved terms of sale, Movant became entitled as a matter of right to receive the Trustee's Quit Claim Deed and Release of Lis Pendens reflecting the Court-approved sale.

8. However, the Trustee did not provide Movant with a Trustee's Quit Claim Deed or a Release of Lis Pendens as contemplated by the approved terms of sale.

9. As a result, the recorded instruments do not fully or accurately conform to the Bankruptcy Court's confirmed sale, creating a defect in the chain of title that impairs marketability and requires judicial correction.

10. The relief requested herein does not seek to alter the substance of the sale, modify consideration, or relitigate any issue previously adjudicated. Movant seeks only to conform the recorded instruments to the Court's approved and reported sale.

## III. LEGAL STANDARD

11. Bankruptcy courts retain authority after case closure to:

- enforce their orders,

- correct clerical or ministerial errors, and

- direct issuance of corrective instruments necessary to effectuate a confirmed sale.

12. Federal Rule of Civil Procedure 60(a), made applicable by Bankruptcy Rule 9024, permits correction of omissions or errors arising from oversight or omission.

13. Courts routinely authorize corrective trustee deeds where necessary to reflect the true intent and effect of an approved sale. See *In re Edwards*, 962 F.2d 641, 644 (7th Cir. 1992).

## NOTICE OF OPPORTUNITY FOR HEARING

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Western District of Oklahoma, 215 Dean A. McGee Avenue, Oklahoma City, OK 73102 no later than 21 days from the date of filing of this request for relief. You should also serve a file stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice.

**The 21 day period includes the three (3) days allowed for mailing provided for in Bankruptcy Rule 9006(f).**

IV. RELIEF REQUESTED

WHEREFORE, Movant respectfully requests that the Court:

A. Enter an Order directing the former Chapter 7 Trustee to execute and record a Corrective Trustee's Quit Claim Deed conveying the Estate's interest to Mark Aussieker, consistent with the approved sale reflected in Doc. 90;

B. An order confirming that the Lis Pendens remains in full force and effect until such release is recorded by Movant.

C. In the alternative, reopen the bankruptcy case for the limited purpose of issuing such corrective relief;

D. Grant such other and further relief as the Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 3/21/2026, at **Fair Oaks, CA**

**/s Mark Aussieker**

**Mark Aussieker**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN RE:            ,   ) ) ) | |
| MANUEL JESUS HERNANDEZ,   ) | No. Case No. 12-15869-SAH |
|   ) | Chapter 7 |
| MARIA ROSARIO HERNANDEZ   ) | |
|           ,   ) ) | |
| Debtor(s).   ) | |

**DECLARATION OF MARK AUSSIEKER IN SUPPORT OF MOTION FOR ENTRY OF ORDER DIRECTING ISSUANCE OF CORRECTIVE TRUSTEE'S DEED**

I, **Mark Aussieker** declare as follows:

1.  I am a party in interest in this matter and have personal knowledge of the facts stated herein.

2.  On **March 1, 2026** , I emailed the former Chapter 7 Trustee to inform him of an oversight related to the sale of the estate's interest in the contract for deed referenced in the Trustee's Second Notice of Intent to Sell filed on November 6, 2019.

3.  On **March 1, 2026** the Trustee responded by email stating, in relevant part:

"That bk case has been closed for 6 plus years. I have no file and I have no context to understand what you are asking.

You are on your own. Without a file to review I cannot remember what happened in a case from 2012. I also am not the trustee on a closed case by law. I cannot help."

4.  The Trustee's response confirms that he no longer maintains a file related to this case, has no recollection of the underlying facts, and acknowledges that he lacks authority to act as trustee in a case that has been closed for several years.

5.  This defect cannot be cured without judicial authorization, as third parties rely on the recorded deed and the underlying sale order.

6. This declaration is submitted in support of DECLARATION OF MARK AUSSIEKER IN SUPPORT OF MOTION FOR ENTRY OF ORDER DIRECTING ISSUANCE OF CORRECTIVE TRUSTEE'S DEED

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 3/21/2026, at **Fair Oaks, CA**

**/s Mark Aussieker**

**Mark Aussieker**

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| | ) | |
| | ) | |
| MANUEL JESUS HERNANDEZ, | ) | |
| | ) | No. Case No. 12-15869-SAH<br>Chapter7 |
| MARIA ROSARIO HERNANDEZ | ) | |
| , | ) | |
| | ) | |
| Debtor(s). | ) | |

## PROOF OF SERVICE

I hereby certify that on the 22nd day of March, 2026, I mailed a true and correct copy of the Motion to Reopen for Limited Relief by depositing the same in the United States Mail, first-class postage prepaid, addressed to the parties listed below.

DEBTOR(s)  Manuel Jesus Hernandez, Maria Rosario Hernandez
by  way of Counsel:
Saul G. Olivarez
1606 Peavy Road, Suite 9
Dallas, TX 75228

| INTERESTED PARTY | Attorney for Trustee: Elias Brooks Brown & Nelson PC |
|---|---|
| Jesus Castrejon, Maria Villava | 211 N. Robinson |
| 1201 SW 49th ST | Two Leadership Square, Suite 1300 |
| Oklahoma City, OK 73109 | Oklahoma City, OK 73102 |

I, Kimberly Aussieker, declare that I mailed the foregoing document from 8830 Olive Ranch Lane, Fair Oaks, CA 95628, by placing it in the United States Mail as addressed above.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 22nd day of March, 2026, at Fair Oaks, California.

/s Kimberly Aussieker

Kimberly Aussieker